IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Joann Doran, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  10 C 7352 |
| Transworld Systems, Inc., a California corporation, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

### CLASS ACTION COMPLAINT

Plaintiff, Joann Doran, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection letters violate the FDCPA, and to recover damages for its violation, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Joann Doran ("Doran"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt allegedly owed to Oberweis Dairy.

1

4. Defendant, Transworld Systems, Inc., ("Transworld"), is a California corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Transworld was acting as a debt collector as to the debt it attempted to collect from Ms. Doran.

5. Defendant Transworld is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Transworld conducts business in Illinois.

6. Defendant Transworld is licensed to act as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Transworld acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Defendant Transworld sent Ms. Doran an initial form collection letter, dated December 15, 2009, demanding payment of a delinquent consumer debt owed to Oberweis Dairy. A copy of this letter is attached as Exhibit C.

8. Defendant Transworld thereafter sent two more collection letters to Ms. Doran, dated December 28, 2009 and January 5, 2010, demanding payment of the Oberweis Dairy debt. Copies of these letters are attached as Exhibits D and E, respectively.

9. Defendant then sent Ms. Doran a fourth form collection letter dated January 14, 2010 -- the thirtieth day of the validation period -- demanding payment of the Oberweis debt. This letter stated, in pertinent part:

2

\* \* \*

> NOTICE – Statutory dispute expired 30 days after you received our first letter. Therefore, we are permitted under Federal law to assume that this debt is valid.
>
> It has been our experience that much of the debt assigned for professional collection is resolved before it reaches this stage in the collection process. This matter, however, has not yet been resolved.
>
> This matter should be addressed. If left unresolved, our collection efforts may continue. If our client wishes for us to do so, we will have this claim referred to our team of professional telephone collectors.

\* \* \*

A copy of this letter is attached as Exhibit F.

10. All of Defendant Transworld's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant Transworld's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692g –
### Overshadowing And/Or Ineffectively Conveying
### The 30-Day Validation Notice

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it. Moreover, § 1692g(b) further prohibits any collection activity and/or

communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

14. Here, although Defendant Transworld's first letter, dated December 15, 2009, contains the notice required by § 1692g of the FDCPA (Exhibit C), Defendant's fourth collection letter, dated January 14, 2010 (Exhibit F) rendered that validation notice ineffective. Specifically, Defendant's letter stated, "NOTICE – Statutory dispute expired 30 days after you received our first letter. Therefore, we are permitted under Federal law to assume that this debt is valid.", when, in fact, the 30-day validation period had not yet expired. These statements would confuse anyone, let alone the unsophisticated consumer, as to what their validation rights were, by creating confusion and a false sense of urgency. Defendant Transworld's form collection letters thus violates § 1692g of the FDCPA. See, Chauncey v. JDR Recovery Corporation, 118 F.3d 516, 519 (7th Cir. 1997); see also, § 1692g(b).

15. Defendant Transworld's violations of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e Of The FDCPA --
### False Statements

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt. Defendant violated § 1692e of the FDCPA by stating that the validation

period had expired and that it could "assume the debt is valid", when, in fact, Plaintiff still had time to dispute the validity of the debt.

18. Defendant's violation of § 1692e of the FDCPA renders it liable for damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

19. Plaintiff, Joann Doran, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Oberweis Dairy, via the same form collection letters (Exhibits C through F), sent within 30 days of each other, that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letters violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

20. Defendant Transworld regularly engages in debt collection, using the same form collection letters it sent Plaintiff Doran, in its attempts to collect delinquent consumer debts from other persons.

21. The Class consists of more than 35 persons from whom Defendant Transworld attempted to collect delinquent consumer debts by sending other consumers the same form collection letters it sent Plaintiff Doran.

22. Plaintiff Doran's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought

on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

23. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

24. Plaintiff Doran will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Doran has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Joann Doran, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Doran as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendant's form collection letters violate the FDCPA;

    4.       Enter judgment in favor of Plaintiff Doran and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;  and,

    5.       Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Joann Doran, individually and on behalf of all others similarly situated, demands trial by jury.

                  Joann Doran, individually and on behalf of all others similarly situated,

                  By:/s/ David J. Philipps_____
                  One of Plaintiff's Attorneys

Dated: November 15, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com